IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FRANCISCO E. MARTINEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 1:16-cr-125 (LMB) |
| ) | 1:17-cv-971 (LMB) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

On May 26, 2016, Francisco E. Martinez ("Martinez" or "movant") was arraigned on an eleven count indictment which charged him with multiple drug and firearm charges. With the assistance of a Spanish language interpreter and under a written plea agreement, he pleaded guilty on August 5, 2016 to Count 5 which charged him with distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and Count 8 which charged him with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Although movant and his counsel had agreed under a Fed. R. Crim. P. 11(c)(1)(B) plea agreement to a sentence between 120 months and 240 months incarceration, on October 28, 2016, Martinez was sentenced to 72 months incarceration, consisting of 12 months on Count 5 and followed by 60 months consecutive on Count 8. Throughout these proceedings Martinez was represented by Gary H. Smith ("Smith"), a Criminal Justice Act panel attorney who is proficient in Spanish.

Martinez did not file an appeal of either his convictions or sentence, but on August 29, 2017 he timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a

Sentence by a Person in Federal Custody ("Motion to Vacate') [Dkt. No. 46]. In that motion Martinez does not contest that he was guilty of the offenses for which he was convicted; rather, he argues that Smith provided ineffective assistance of counsel by not bringing certain factors to the Court's attention during the sentencing hearing, resulting in a sentence harsher than what other similar defendants have received, failed to provide a Spanish language interpreter so movant could understand his options, and failed to file an appeal after being instructed to do so.

The United States of America has filed an Opposition, which includes an affidavit from Smith, who explains his training and expertise in the Spanish language, denies that he and the movant had difficulties in communication, and denies that movant asked him to file an appeal.

In a Reply brief movant raises for the first time an argument that counsel failed to investigate the case and failed to file a motion to suppress. He repeats the argument that counsel failed to argue for a sentence reduction under 5K2.0 and 5H1.6 and failed to file an appeal. Lastly, he requests that 1) his sentence be vacated; 2) an evidentiary hearing be held to determine whether he unambiguously advised his attorney to file an appeal; 3) he be allowed to file an appeal; and 4) that new counsel be appointed and fees be waived. For the reasons discussed below, the Motion to Vacate will be dismissed.

I. DISCUSSION

A. **Standard of Review**

A motion under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To

prevail, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel Martinez must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of both deficient performance by counsel and prejudice to the defendant resulting from that deficient performance. Because it "is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence" and because a wide range of legitimate defense strategies are possible in a given case, "scrutiny of counsel's performance must be highly deferential." Id. at 689. Moreover, a movant must make an additional showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694; see also id. ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.")

For movants such as Martinez who pleaded guilty the burden is even higher – he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); accord Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In addition, statements the movant made during his Fed. R. Crim. P. 11 plea colloquy affirming his understanding of the plea agreement and satisfaction with counsel's performance

3

are binding on the movant unless he produces "clear and convincing evidence to the contrary." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992).

### C. Martinez's Plea Colloquy

With the assistance of a court-certified Spanish interpreter, and after being placed under an oath in which Martinez agreed to tell the truth, he admitted being 41 years old, able to read and write, and that he had reviewed the plea agreement with his attorney (Pl. Tr. at 3-4). He acknowledged that he had told Smith everything he knew about the case, had sufficiently conferred with him, and was satisfied with counsel's representation. Id. at 5. He also admitted understanding the penalties to which his plea exposed him including a mandatory consecutive minimum sentence of five years imprisonment for Court 8 as well as a maximum of 20 years for Count 1[1] and that he was giving up his "right to object to . . . the legality of the . . . seizure of any evidence in connection with this charge." Id. at 5-6, 8.

### D. Initial Claims

In his initial Motion to Vacate, Martinez makes only two claims: 1) that his counsel failed to file a notice of appeal as he requested; and 2) that his 72 month sentence was too harsh compared to that of similarly situated defendants and that his counsel's ineffective performance "caused the district court not to review § 3553(a) factors." Mot. 6. In the memorandum accompanying the motion he added a complaint that his counsel never provided an interpreter even though movant requested one and that due to counsel's "very poor" Spanish movant did not communicate well with Smith. Mov. Mem. [Dkt. No. 47] 2.

a. Counsel's Spanish

---

[1] In paragraph 5 of the Plea Agreement, which was not binding on the Court, Martinez agreed that the proper sentence would be between 120 and 240 months, and that he would not ask for a sentence below 120 months.

4

Movant's complaint about his attorney's language proficiency is not supported by the record. Martinez had the benefit of a court-certified Spanish interpreter, Eva Desrosiers, for his plea colloquy, during which he admitted being satisfied with his counsel's performance and never indicated that he had any problem communicating with his attorney or understanding the proceedings. He also had the assistance of another court-certified Spanish interpreter, Jaime De Castellvi, during his sentencing hearing and did not raise any issue about difficulty communicating with his counsel.

Moreover, in his affidavit Smith disputed Martinez's claim about communication problems. Smith described his training in Spanish to include both academic and work-related experiences.

> I studied Spanish for four years in high school. I subsequently took advanced courses in Spanish during all four years of college. While attending college, I was employed in several jobs which allowed me to speak Spanish with my co-workers. [Dkt. No. 50 ¶ 5].

He also described in detail the large number of cases in both state and federal court in which he represented Spanish speaking defendants, without the need for an interpreter, and averred that he has never before had a complaint raised about his Spanish. Id. ¶¶ 6-7. Smith avers that he and Martinez communicated exclusively in Spanish, and that there was only one time when they had trouble understanding each other.

> Relatively early during our discussions, Mr. Martinez made a statement that I did not fully understand. I asked him to repeat himself. Mr. Martinez had to rephrase his statement a few times, and at one point in frustration said, "maybe we need an interpreter." After Mr. Martinez had rephrased his statement, however, I did understand him. The whole transaction was brief and the issue of an interpreter was never raised again. I recall that the misunderstanding was of no importance to the case. After that incident I continued to communicate with Mr. Martinez in Spanish and fully understood him. Over the years I have occasionally had to ask a defendant to repeat himself on a particular point to be certain I correctly understood him.

Id. ¶ 9.

Although in his affidavit Martinez contests Smith's account of how they communicated, given Martinez's multiple opportunities when he had court-certified interpreters available to advise the Court about these alleged communication problems and his failure to do so, as well as his admission under oath that he was satisfied with Smith's representation, the Court rejects Martinez's claims about communication difficulties with counsel and any inference that his Rule 11 plea was not knowingly and understandingly made for that reason.

b. Notice of Appeal

In his plea agreement Martinez agreed that as a condition of his plea he waived his right to appeal his sentence on any ground, as long as the sentence did not exceed the statutory maximum. The statutory maximum for Count 5 was 20 years incarceration. He was sentenced to 12 months incarceration on that count. The maximum sentence for Count 8 was life imprisonment with a mandatory minimum of five years incarceration consecutive to any other sentence. Martinez's sentence of 12 months on Count 5 and five years (60) months on Count 8 consecutive was significantly below the maximum sentence possible and therefore any appeal of the sentence would have been summarily dismissed because Martinez had given up his right to appeal such a sentence.[2]

Since the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Fourth Circuit has held "that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007). This

---

[2] The Fourth Circuit consistently approves the knowing and voluntary waiver of appeal rights. See, e.g. United States v. McLaughlin, 813 F.3d 202, 204-05 (4th Cir. 2016); United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

obligation requires counsel to file an appeal "even if doing so would be contrary to the plea agreement and harmful to the client's interests." Id. at 273.

In his affidavit, Smith declares that Martinez "never raised the issue of an appeal with me, either before or after his sentencing hearing." [Dkt. No. 50 ¶ 11]. He goes on to explain:

> If Mr. Martinez had requested that I file a notice of appeal, I would have attempted to dissuade him from this action as it would be in violation of his plea agreement. If he insisted, however, I was quite aware that I would be obligated to file such a notice. This action proved to be unnecessary because at no time before or following his sentencing hearing did Mr. Martinez request that I file a notice of appeal.

Id. at ¶ 13. Martinez responds to Smith's affidavit with his own affidavit in which he avers that "I did requested [sic] to my Attorney of record, that I wanted to appeal my sentence to the Court of Appeals. [Dkt. No. 53 Ex. A, at ¶ 6].

Normally, conflicting affidavits require an evidentiary hearing to determine which affiant is credible; however, on this record it is clear that the affidavit of Smith and his statement that defendant never directed him to file an appeal is far more credible. The Court bases this conclusion on the following evidence in the record.

First, there are multiple representations in Martinez's pleadings which demonstrate the unreliability of his statements. For example, he claims in the same affidavit that every time Smith came to see him at the jail, "he spent at most Two Minutes, on his visits. So there was not much talking." [Dkt. No. 53 Ex. A, at ¶ 3]. That statement is directly refuted by Smith's CJA voucher, submitted before the Motion to Vacate was filed and which shows that he met with Martinez eight times for a total of 17.5 hours before the plea hearing. Martinez also avers that if someone had explained exactly the proceedings against him he would have asked for a trial. It is not plausible that any reasonable defendant would have chosen to go to trial under the circumstances Martinez faced. As the government summarizes in its Opposition, there was

7

overwhelming evidence of defendant's guilt including six hand-to-hand cocaine sales made either to an informant or an undercover police officer, and three gun sales. Had Martinez gone to trial and been convicted of the three gun counts the total mandatory sentence would have been 55 years imprisonment on just the gun counts alone.

Second, in his Motion to Vacate he complains that Smith "refused to invoke the benefits, of § 3553(a). Instead he was more worried about the petitioner's entering a plea of Guilty, with no benefits." Mov. Mem. 8. Contrary to movant's claim, Smith clearly referenced § 3553(a) in his sentencing memorandum focusing on, among other factors, Martinez's age and lack of any criminal history [Dkt. No. 42], and Martinez's statement about not receiving any benefits from pleading guilty is significantly contradicted by the huge decrease in potential prison time he obtained when the government agreed to move to dismiss all the other charges in the indictment.

Lastly, several of Martinez's claims directly contradict his under oath admissions in which he acknowledged having had sufficient time to confer with counsel "in order to fully understand the case," and being satisfied with Smith's performance.[3] Tr. at 5.

Martinez has provided no credible evidence that he asked Smith to file an appeal. To the contrary, the credible evidence is that Martinez did not make such a request. For these reasons, this ineffective assistance of counsel claim will be dismissed.

c. Failure to File Motions and to Make Certain Sentencing Remarks

For the first time in his Reply, Martinez argues that his counsel should have filed a motion to suppress, although it is unclear what evidence he wanted suppressed. The evidence in the case, as described by the government, came from a cooperating fellow gang member and

---

[3] Given these factors, the Court concludes that Smith had no reason to think Martinez would want to appeal given the extremely favorable sentence imposed and therefore was under no obligation to consult with his client about appealing.

8

undercover officers to whom movant sold drugs and guns. None of that evidence would have been subject to a motion to suppress.

As for failure to raise various sentencing factors, the government correctly argues that none of the factors movant references would have been relevant. He was not eligible, as a matter of law, for a safety valve adjustment under U.S.S.G. § 5C1 because firearms were involved in the case. The family issues were not extraordinary and his disparate sentencing argument fails to recognize that the firearm charge mandated a minimum sentence of five years. In sum, none of the alleged failures by defense counsel in relation to motions practice or movant's sentence satisfy either the performance or prejudice Strickland requirements for an ineffective assistance of counsel claim.

## CONCLUSION

For the reasons discussed above, the Motion to Vacate will be dismissed by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 26th day of February, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge